UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                            )
                                  )    Chapter 7
JONATHON C. AHLF,                 )
                                  )    Bankruptcy No. 05-08966
     Debtor.                      )
_____ )
LISA AHLF,                        )
                                  )    Adversary No. 05-30239
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
JONATHON C. AHLF,                 )
                                  )
     Defendant.                   )
```

**ORDER RE: COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

This matter came before the undersigned for trial on October 11, 2006. Plaintiff Lisa Ahlf was represented by attorney Bruce Buckrop. Debtor/Defendant Jonathon Ahlf was represented by attorney David Millage. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff seeks a determination that debt from the parties' dissolution of marriage is excepted from discharge under 11 U.S.C. § 523(a)(5) or (a)(15) (2004).[1]

**FINDINGS OF FACT**

The parties' marriage was dissolved by decree entered November 22, 2004. Debtor was ordered to pay Plaintiff child support of $1,144 per month and alimony of $400 per month. Child support payments were reduced to $797 per month in April 2006. The central issue in the three-day dissolution action was the

---

[1] As Debtor filed his bankruptcy case prior to October 17, 2005, the Court applies the version of the Bankruptcy Code in effect prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

physical custody of the children.  Plaintiff was awarded sole custody and physical care of the couple's two daughters.

To equitably balance the distribution of property between the parties, the dissolution court ordered Debtor to pay Plaintiff $22,500 and granted Plaintiff a lien on Debtor's real estate for that amount until paid in full.  This property award was included as a judgment in the dissolution decree.  The dissolution court also ordered Debtor to pay $2,500 toward Plaintiff's attorney fees and entered judgment for that award as well.

Debtor filed his Chapter 7 petition on October 11, 2005, disclosing total unsecured debt of $187,055.25.  From testimony at trial and Debtor's schedules, the Court finds Debtor earns gross wages of $39,000 per year.  He lives with his current wife and two stepchildren and they have a baby due in December.  Debtor also is self-employed with a consulting business which showed a net loss in the 2005 tax year.

There is little evidence in the record regarding Debtor's monthly expenses.  He has a house payment of $1,400.  On Schedule I, Debtor lists total expenses of $4,743.50.  The figures on Schedule I, however, are out of date considering Debtor got married in June 2006.  Debtor testified he and his current wife honeymooned in the Carribean.  He also testified that his wife receives child support of $108 per month.  It is unknown whether Debtor's wife has other income.

Plaintiff earns gross wages of $22,000 per year and has a part-time cleaning job paying $150 per month.  She testified that she has never received any of the alimony awarded in the dissolution decree.  She is now receiving $797 per month in child support through the Child Support Recovery Unit.  The parties' children live with Plaintiff and are insured through Hawk-I, a state supported health plan.  Plaintiff testified regarding her monthly expenses, which the Court finds are reasonable.  She stated that her boyfriend sometimes contributes to expenses if she needs extra help.

## DISCHARGEABILITY OF SUPPORT DEBT

Section 523(a)(5)(B) excepts from discharge any debt:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation

>   agreement, divorce decree or other order of a court of record.

Plaintiff must prove the elements of a claim under § 523(a) by a preponderance of evidence. Grogan v. Garner, 498 U.S. 279, 285 (1991).

The Court evaluates several factors when making the determination whether a debt is for support, including whether there is a separate provision for alimony or child support and whether the debt is conditional. In re Morel, 983 F.2d 104, 105 (8th Cir. 1992). Other factors considered in making this determination include:

>   [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

In re Tatge, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997).

"Attorney's fees that are in the nature of maintenance or support can be nondischargeable under § 523(a)(5) even if payable directly to the attorney." In re Kline, 65 F.3d 749, 750 (8th Cir. 1995). Whether the fees are intended as maintenance or support is a question of fact for the Court to decide. Id.

## NON-SUPPORT DEBTS

Section 523(a)(15) excepts from discharge any debt

>   (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State . . . law . . . unless
>
>       (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor; or

> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

Once the plaintiff establishes that a debt is a property settlement award arising from a divorce proceeding and thus falls within the scope of § 523(a)(15), "the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B)." In re Moeder, 220 B.R. 52, 56 (B.A.P. 8th Cir. 1998). The debtor only needs to meet the showing required for one of the two prongs of § 523(a)(15) by a preponderance of the evidence. In re Silvers, 187 B.R. 648, 650 (Bankr. W.D. Mo. 1995); In re Brown, 302 B.R. 637, 643 (Bankr. N.D. Iowa 2003) (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).

## ABILITY TO PAY

A debt described in § 523(a)(15) will be discharged if "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 523(a)(15)(A).

Due to the similarity in the language of 11 U.S.C. § 1325(b)(2) and § 523(a)(15)(A), courts apply the Chapter 13 disposable income analysis to (a)(15)(A). Brown, 302 B.R. at 644. The court examines whether the debtor's expenditures are reasonable and necessary and whether the debtor has enough disposable income to pay debts within a reasonable amount of time. Courts may also consider the future financial prospects of debtors in determining whether a nonsupport marital obligation can be excepted from discharge under § 523(a)(15)(A). In re Konick, 236 B.R. 524, 529 (B.A.P. 1st Cir. 1999).

## BENEFIT VERSUS DETRIMENT

A debtor may also be relieved of paying § 523(a)(15) debt if he or she can establish that "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15)(B). In comparing the potential benefit to the debtor versus the detriment to a former spouse, this Court compares the relative living standards of the parties. In re Wallander, 324 B.R. 746, 755 (Bankr. N.D. Iowa 2005). "If

Debtor's standard of living is equal to or greater than Plaintiff's, then discharge of the debt is not appropriate." In re O'Shaughnessy, 301 B.R. 24, 32 (Bankr. N.D. Iowa 2003).

## ANALYSIS

Based on the foregoing, the Court concludes that the debt for attorney fees of $2,500 awarded to Plaintiff in the dissolution decree constitutes support.  The fees arose in large part from the dissolution trial which focused on child custody and support issues.  The dissolution court obviously recognized the disparities in the parties' incomes and their ability to pay their attorneys.  Thus, the attorney fee award of $2,500 is excepted from discharge under § 523(a)(5).

The judgment for Plaintiff of $22,500 in the dissolution action does not constitute support under § 523(a)(5).  Rather, the § 523(a)(15) exception from discharge is applicable.  Based on the record presented, the Court concludes that Debtor has failed to prove he does not have the ability to pay this amount under § 523(a)(15)(A).  He has received a discharge of more than $150,000 in unsecured debt.  Considering his income and assuming reasonable expenses, Debtor could pay on this debt without undue impact on his ability to support his family.  Thus, the $22,500 property award in the dissolution decree is excepted from discharge under § 523(a)(15)(A).

The Court also finds this debt is excepted from discharge under § 523(a)(15)(B).  Comparing the parties relative living standards, Debtor's standard of living is at least equal to if not greater than Plaintiff's.  Although Debtor testified he pays the alimony awarded as best he can, the records presented to the Court after the hearing show Debtor has been paying less than the full amount of child support ordered and none of the alimony ordered in the dissolution decree.  Debtor has a history of being capable of having a higher earning capacity than Plaintiff.  Also, there is a second potential income-earner in his household.  In these circumstances, the Court concludes that the $22,500 property award in the dissolution decree is also excepted from discharge under § 523(a)(15)(B).

**WHEREFORE**, Plaintiff's complaint to determine dischargeability of debt is GRANTED.

**FURTHER**, the $2,500 attorney fee award from the dissolution decree is excepted from discharge under § 523(a)(5).

5

**FURTHER,** the $22,500 property award from the dissolution decree is excepted from discharge under § 523(a)(15)(A) and (B).

**FURTHER,** judgment shall enter accordingly.

DATED AND ENTERED: November 17, 2006

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE